**J. R. PERMENTER, as Municipal Inspector of the City of Jacksonville, et al., v. JAMES YOUNAN, et al., ex rel.**

31 So. (2nd) 387

July 1, 1947

Rehearing denied July 29, 1947

June Term, 1947

Special Division B

*William M. Madison* and *O. O. McCollum, Jr.,* for appellants.

*Charles J. Regero* and *Clifford T. Inglis,* for appellees.

KANNER, Associate Justice:

The Municipal Inspector refused to renew city licenses to appellees for the sale of beer and wine for the license year commencing October 1, 1946. Appellees instituted mandamus action. Upon motion notwithstanding the answer, order for peremptory writ was entered to compel such renewals. The appeal is from such order.

The validity of provisions contained in Section 3 of Ordinance AA-128 and Section 5 of Ordinance AA-249 was attached in substance, as granting to the Municipal Inspector the power of arbitrary discrimination, unlawful delegation of authority without limitation, and permitting the arbitrary withdrawal of license privilege of qualified vendors for the

sale of beer and wine without due process of law. Only the involved part of Section 5 of Ordinance AA-249, is quoted, as it would be repetitious to also set out the affected part of Section 3 of Ordinance AA-128:

"That the Municipal Inspector may refuse the issuance or transfer of any licenses provided for in this Chapter when, in his judgment, the issuance or transfer of the same would be contrary to public policy or the welfare of the community. In all cases of such refusal by the Municipal Inspector to issue or transfer any license, the applicant therefor shall have the right to appeal such refusal to the License Committee of the City Council of the City of Jacksonville by filing with the Municipal Inspector notice of such appeal within ten days after such refusal. . . ."

The generally accepted rule is to the effect that an ordinance which vests in municipal authorities arbitrary discretion to grant or revoke a license to carry on an ordinarily lawful business, without prescribing definite rules and conditions for the guidance of the authorities in the execution of their discretionary power, is invalid. 38 Am. Jur., p. 26, Section 337, Anno., 12 A. L. R. 1436, 54 A. L. R. 1104, and 92 A. L. R. 401.

There is no inherent right in a citizen to sell intoxicating liquors, nor a privilege to a citizen of Florida or a citizen of the United States. Mears v. Stone, 151 Fla. 760, 10 So. (2) 487.

So there is the exception to the ordinary lawful business rule where the business to be engaged in is a mere privilege, rather than a right. For example, dealing in intoxicating liquors falls within the exception category, because its character tends to be injurious. It is thus stated in 38 Am. Jur., p. 29, Section 340:

"A majority of the cases passing upon the problem have concluded that an arbitrary discretion as to the granting of licenses may lawfully be delegated to municipal officials without prescribing definite rules of action in the licensing ordinances, where the discretion relates to a business the carrying on of which is a mere matter of privilege because of a character tending to be injurious, rather than an ordinarily

lawful business the carrying on of which creates a property right or vested interest. . . . "

See McQuillan on Municipal Corporations, 2d. Edition, Revised, Vol. 3, pp. 703-704, Section 1105.

The early Florida Case, Ex Parte Theisen, 30 Fla. 529, 11 So. 901, is not applicable to the situation here.

There is the further modification to the ordinary business rule that it is not necessary to prescribe specific rule of action where the discretion relates to matters within police regulation and is necessary to protect the public health, safety, morals and general welfare. "An ordinance which imposes upon an administrative officer as a prerequisite to the issuance of a license, the duty of ascertaining facts relating to public health, safety, welfare, etc., does not confer legislative power upon such officer in a constitutional sense. In such case, resort may be had to the courts, if his conduct should prove to be arbitrarily exercised or palpably unwarranted." 38 Am. Jur., p. 27, Sec. 337.

And also there is again the qualification to the ordinary business rule, where the determination of personal fitness is involved. License ordinances of this nature are generally held valid upon the theory that such ordinances are construed to vest merely reasonable, and not arbitrary, discretion. So it is stated in 38 Am. Jur., p. 28, Sec. 338:

"License ordinances are generally held valid where a challenged grant of discretion to administrative officials of a municipality involves the determination of personal fitness of the applicant for the license. The theory upholding such ordinance, granting in general terms to officials the right in their discretion to grant or withhold licenses where personal fitness is to be determined as a prerequisite, is that since ordinances must be given a construction commensurate with validity wherever possible, such ordinances should be construed as giving merely reasonable discretion rather than the right arbitrarily to discriminate between applicants by granting a license to one and refusing it to another, without good reason. Similarly, it has been indicated that a mere lodging of discretion in public officers or bodies to judge of the fitness and character of applicants for licenses, permits, etc., does

not vest arbitrary power in such officials, but rather calls for the exercise of a discretion of a judicial nature, for which no definite rule of action is necessary. . . . "

One of the principal reasons underlying liquor license laws is to restrict liquor traffic to persons of good moral character who may be reasonably expected to keep their business free from greater vices, which have impelled restrictive legislation on the question. 30 Am. Jur., 316, Sec. 111.

No decision of the Municipal Inspector under the provisions of the ordinances involved here is a finality. The applicant for license has the right to establish his personal fitness to the inspector; if rejected, he has the right to appeal to the License Committee of the Council, and there to be heard. Even then, if such License Committee refuses to override the action of the Municipal Inspector, because of arbitrary discrimination, the applicant may institute mandamus action to compel issuance or renewal of license.

Mandamus not only lies to compel issuance of a liquor license or permit where such issuance is mandatory or merely ministerial, but also where the licensing authority has abused its discretion or acted arbitrarily. 48 C. J. S., p. 262, Section 160.

Thus, an applicant for license under the particular provisions of the ordinances here involved has the opportunity to have his day in court.

In addition to the attack made against parts of the ordinances, the appellees, by allegations of fact in their writ, charged to the effect that the municipal inspector was guilty of arbitrary discrimination when he refused to renew the licenses, in that the appellees had fulfilled all requirements of the ordinances of the City of Jacksonville and Florida Beverage Act, and were of good moral character. But to these allegations appellants answered, denying that appellees were of good moral character, specifying instances of law violations and misconduct, and further alleging that upon appeal taken by appelleess from the action of the Municipal Inspector to the License Committee, where they had a hearing, such Committee made findings of wrongful conduct on the part of appellees.

The answer to the alternative writ, therefore, definitely created issues to be determined, and was sufficient as an answer.

By motion for peremptory writ of mandamus notwithstanding the respondent's return, the relator admits the well-pleased allegations of the return.

In the case of State ex rel. Davis v. Buckels, 147 Fla. 597, 3 So. (2) 170, relator sought mandamus to compel city official to issue vendor's liquor license, admitted by motion for peremptory writ the allegations of city official's return that relator had been charged with violation of the State Liquor License Law, by engaging in the business of a distributor; that the charge stood unrefuted, and that relator had been given opportunities to appear before the City Commission and answer the charge, but that he refused to do so. This Court held that relator had not established a clear legal right to the writ, as was said on page 172, 3 So. (2), in the case of State ex rel. Davis v. Buckels, supra:

"The writ will not be allowed in cases of doubtful right, but it must appear, amongst other things, as a prerequisite of the issuance of the writ, that the relator has a clear legal right to the performance by the respondent of the particular duty in question."

The appellees have not brought themselves within this rule, and the judgment of the lower court is hereby reversed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.

BUFORD and ADAMS, JJ., dissent.