RAWLS, Judge.
By this petition for writ of certiorari, Carbo, Incorporated, initially challenges the constitutionality of Section 561.241, Florida Statutes, 1967, F.S.A.
Carl E. Bonas, president and sole stockholder of Carbo, Incorporated, applied to the State Beverage Department for a KLD license to engage in the business of wholesale distribution of spirituous beverages. Hearing was held and the evidence revealed that Bonas has been in the liquor business for twenty-one years, fifteen years in Hillsborough County. He is also the president and sole owner of Key Liquors of Tampa Company whose chief supplier is Schenley Distributors Company. If the license is granted, Bonas proposes to transfer two or three of his more important lines which are in competition with Schenley to the new corporation, Carbo, for the purpose of increasing merchantability, sales and volume of business on these other lines. He proposes to serve the same area and to use his existing facilities and sales force temporarily.
The Beverage Director found that the Department’s records reflect that since 1963 Key Liquors of Tampa Company has suffered a decline in gallonage and now has the lowest gallonage of any distributor in the Tampa area, all other distributors *160 having experienced an increase in gallon-age each year. The Director noted that the protesting companies had testified they have facilities and ability to expand and to adequately meet the needs and increasing demand by the rapidly growing population for alcoholic beverages; that the only effect the new license would have upon the protesting companies would be if the new licensee was able to take away some of the lines presently being serviced by the protestants, and in their opinion this would be necessary for the successful operation of the licensee.
The Director found that Carl E. Bonas was qualified as to experience, made no finding as to his financial ability, found that there was conflict of evidence as to whether the issuance of the license would be to the interest of the licensee, and denied the license on the ground that there was no evidence showing it was necessary in the interest of the public.
The sole issue is Carbo’s contention that Section 561.241, which requires a finding that the issuance of the license be “in the interest of the public and the licensee concerned,” is an invalid and unconstitutional statute in that it does not specify the standards to be met in determining what is in the “interest of the public;” it constitutes an unconstitutional delegation of legislative power; and it violates Article II, Florida Constitution, F.S.A., which governs separation and distribution of powers between the three branches of government. The petition prays that this Court find Section 561.241 unconstitutional, quash the Director’s order and direct the Respondent to issue the license.
Fundamental concepts of our form of government permit any citizen to engage in any business he so desires unless the State by properly exercising its police power restricts this right to a limited class. Obvious illustrations are those professions such as medicine and engineering, which require proof upon an applicant’s part of good moral character and minimum educational achievements, or those trades such as pest control operators, who must meet minimal requirements as to education, experience and training. Licensing and regulation of these trades and professions are founded upon the concept of protecting the public health and safety, thus activating a valid basis for the limitation of the class of persons who may engage in such trade or profession. Wholesale liquor dealers do not fall within either category.
Another valid limitation of those entitled to engage in a particular business is found in the regulation of communications, transportation and public utility companies. The basic premise for limitation in this field is the public welfare or public interest in that monopolistic fields are sanctioned by the State upon the theory that duplication and cutthroat competition among these industries will inevitably result in depriving the public of reliable services, such as telephone, electric, freight carrying, or transportation of passengers.
 A fertile field of state regulation is the subject under discussion, to wit: intoxicating liquors. The State has an absolute right to regulate or prohibit traffic in intoxicating liquors, and this right stems from the power of the State to regulate the health, morals and safety of its inhabitants. There is no field in which the courts have recognized a wider latitude for the exercise of the police power than in the sale or possession of intoxicating liquors. The public welfare demands the strictest scrutiny of this business by those entrusted with and who have the responsibility of law enforcement, and they must be clothed with sufficient power, within constitutional limits, to properly supervise it. 14 Florida Law and Practice, Intoxicating Liquors § 4. Holloway v. Schott, 64 So.2d 680, 681 (Fla.1953). So, the ultimate question here is whether the State has constitutionally refused a wholesale distributor’s license of spirituous beverages to Carbo. We think not.
Had the Legislature, rather than enacting Section 561.241, simply stated that the Beverage Director could issue a wholesale *161 distributor’s license to those who in his opinion were worthy recipients and could refuse to issue such a license to those applicants who in his sole opinion were not worthy, we would encounter no difficulty in striking such a hypothetical provision as being an unconstitutional attempt of delegation of the legislative power. Although couched in nicer language, the statutory provision under consideration accomplishes exactly what is theorized above. See Delta Truck Brokers, Inc. v. King, 142 So.2d 273 (Fla.1962), in which the Supreme Court stated:
“It is essential that the act which delegates the power likewise defines with reasonable certainty the standards which shall guide the agency in the exercise of the power. Husband v. Cassel, Fla., 130 So.2d 69. See also Drexel v. City of Miami Beach, Fla., 64 So.2d 317; North Bay Village v. Blackwell, Fla., 88 So.2d 524.”
and Mahon v. County of Sarasota, 177 So.2d 665 (Fla.1965), in which the Court stated:
“It cannot, however, consistent with Section 1 of Article III, Fla.Const., ‘delegate the power to enact a law, to declare what a law shall be, or to exercise an unrestricted discretion in applying a law.’ Lewis v. Florida State Board of Health, supra, Fla.App., 143 So.2d 867.” (Emphasis supplied.)
A perusal of the testimony upon which the Beverage Director acted reflects that the only real question of interest presented to the Director was the economic interest of those engaged in the wholesale distribution of spirituous beverages. We have difficulty in equating the economic interest of wholesale liquor distributors with the public interest. We are not confronted with the establishment by the Legislature of “quota” licenses based upon population or geography. We find no predicate for big brother to be concerned with whether one distributor is increasing the sale of his goods or that another distributor is losing sales; nor do we find any predicate for inquiring into the “financial ability” of any applicant. In short, we have difficulty in ascertaining any legislative purpose which makes it of State concern whether any one distributor makes money or goes broke. Apparently from the testimony adduced and the contents of the Director’s order, he construed “public interest” as falling within regulatory fields of monopolistic industries such as are regulated by the Public Service Commission. We find no analogy between the two industries nor any legislative intent that the “traffic in liquor,” especially the wholesale distribution of same, should be regulated in such a manner that those engaged in this legitimate enterprise are guaranteed a reasonable return upon their investment.
Paraphrasing the holding in Delta Truck Brokers, Inc. v. King, supra, we find it is obvious that the legislative delegation of power to the respondent Director is totally devoid of any standards whatsoever. It leaves the Director an unlimited discretion in forming his opinion as to when and how “the public interest” may be best served. The Legislature has not in any degree laid down a standard or defined, even generally, what constitutes “the public interest.” Such a delegation of power is violative of the organic law. We, therefore, hold that Section 561.241 is unconstitutional.
The Director found in his order that petitioner “Carl E. Bonas, President of the Applicant Company, is qualified in terms of experience to operate the business of wholesale distribution of spirituous beverages;” and since we conclude his gratuitous statement that he “does not find it necessary to make a finding in regard to the financial ability of the Applicant” is not material to the issue posed, certiorari is hereby granted, and it is ordered that the Director issue the license applied for by petitioner.
CARROLL, DONALD K., Acting C. J., and JOHNSON, J., concur.