JOHNSON, Judge.
This is an interlocutory appeal from an order granting a temporary injunction and an order denying appellant’s motion to dissolve the temporary injunction.
The appellees filed on July 12, 1973 with the lower court its complaint consisting of approximately thirty-eight pages. About ninety percent of the complaint deals with matters which are not germane to the material facts and law which are determinative of the issues presented to us in this interlocutory appeal, and therefore we do not have to reach in this hearing the things complained of.
To briefly outline the material facts and points involved in this appeal, we state the following:
Appellant National Distributing Company did on June 5, 1973, file an application with the Division of Beverage at Orlando, Florida, for a wholesale distributor’s license, pursuant to Chapter 561, Florida Statutes, F.S.A. On June 22, 1973, the District Office of the Division of Beverage approved the application. (This was not the only nor the first of licenses issued to this same applicant for Florida.)
The approved application was then sent to the Central Beverage Office in Tallahassee, Florida, for final action on the issuance of the license. A protest was filed by Grantham Distributing Co., Inc. with the Director of the Division of Beverage, complaining about the issuance of said license, in which protest many things are alleged as to why the license should not be issued, including antitrust practices by National and also about the economic results to Grantham. We do not need to dwell on this further, as the same is not material to our opinion in this case. Suffice it to say, the Director did give Grantham an opportunity to present legal authority to show it had a standing to file such “protest” and intervention, and legal authority for the Director to withhold the issuance of the license. Having failed to show such legal authority, the license was issued on July 12, 1973. Hence, the resort to Circuit Court in Leon County for injunctive and other relief, from which emanated the orders on appeal herein.
The first question the trial court decided and which we must determine is:
Does a competitive license holder have a constitutional or statutory right to intervene in another’s application for a license, via of a protest and discovery and full hearing thereon ?
The trial court decided this question in the affirmative, citing Article IV, Section 6, Florida Constitution, F.S. Sections 120.22, 120.23 and 120.24, F.S.A., and 20.16(3) (a) and Chapter 561, Florida Statutes, F.S.A. The trial court in substance held that the complainant had a right to intervene in the application; had a right of review by the Board of Business Regulations ; and also had an apparent standing to maintain this action for declaratory and injunctive relief. We cannot agree with the trial court in toto. The plaintiffs have a right to bring a declaratory suit on some of the questions raised in the lengthy com *124 plaint; but, the trial court was in error in holding that the holder of a license was entitled to intervene in a license application, or to a review thereon. The issuance of the wholesale liquor license is controlled by the statute.
If the Director of Beverage finds the applicant is otherwise qualified, the fact that a competitor is aggrieved because of economic factors is of no concern. This Court has already held that such economic factors play no part in the licensing of applications, see Carbo, Incorporated v. Meiklejohn.[1] Also, as held in Bay National Bank and Trust Co. v. Dickinson, 229 So.2d 302 (Fla.App. 1st, 1969), Chapter 120, Florida Statutes, does not control in all administrative acts unless the statute expressly says so. The court made the distinction between the “quasi-judicial” function and the performance of a “quasi-executive” or “quasi-Legislative” function. In the latter functions, the Administrative Procedure Act has no application. The Legislature had seen fit not to even given notice to “interested” parties in applications when it repealed F.S. § 561.241, F.S. A., subsequent to the Carbo case, supra.
Therefore, we determine, and so hold, that the appellees were not entitled to a review of the application of the appellant, and that the Administrative Procedure Act has no application in this matter; that the trial court was in error in holding that the appellees were entitled to a review of the actions of the Director of Beverage and therefore it was error to enter the Temporary Injunction.
The Temporary Injunction is hereby dissolved and the issuance of the license in question is Affirmed.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.

. Carbo, Incorporated v. Meiklejohn, 217 So.2d 159 (Fla.App. 1st, 1968).