ERVIN, Justice
(dissenting):
We are asked to review by writ of cer-tiorari the decision of the District Court of Appeal, First District, in National Distribution Company, Inc., v. Huber Distributing Co., Inc., 283 So.2d 122.
Reference should be made directly to the opinion and decision of the District Court reported at 283 So.2d 122 for an understanding of the facts and issues. As there indicated, the essential question is:
“Does a competitive license holder have a constitutional or statutory right to intervene in another’s application for a license, via a protest and discovery and full hearing thereon?”
I think the answer should be in the affirmative and find conflict of decisions leading to that result. I agree with the judgment of the trial judge and would quash the reversal thereof by the District Court.
It appears from the record proper that the petitioners as protestors sought to intervene and show administratively to the Division of Beverage initially and, after the granting of the license to National Distributing Company, on appeal to the Board of Business Regulation that in
“. . . the course of dealings between National, Grantham and Huber, National had been engaged in various anti-competitive and monopolistic activities condemned by state and federal law as felonies and misdemeanors, which illegal monopolistic practices stood as grounds for immediate revocation of any beverage license under Section 561.29, Florida Statutes, and therefore, impaired National’s qualification for the additional, seventh, wholesale license, and accordingly the establishment of these violations of law through Grantham’s intervention or participation in the license proceedings would be determinative of the primary issue therein, that is the ‘good moral character’ of the corporate applicant.
“Petitioner Grantham’s protest substantively asserted that National had in the past and continued to violate state and federal antitrust and trade regulation laws, concerning which violations Gran-tham had actual knowledge and which it sought to bring to the attention of the Division of Beverage in connection with the license application through its intervention or participation in the license proceeding, and which violations consisted of predatory price discrimination for the purpose of destroying competitors and competition, including Grantham and Huber, offending Section 540.01, Florida Statutes; unlawful price-fixing, exclusive dealing and other combinations in unreasonable restraint of trade and tending to monopolization by National of wine distribution in the State of Florida prohibited by Section 542.01, Florida Statutes, and by federal law; and unlawful acquisitions of the wholesale businesses of competitors having the effect of substantially lessening competition and tending to create a monopoly in the wholesale distribution of wine in the State of Florida in contravention of Section 7 of the Clayton Act (15 U.S.C. Section 18) and Section 542.01, Florida Statutes.”
Petitioners rely upon the following language of the trial judge’s interlocutory orders granting temporary injunction and refusing to dissolve it:
“. . . The Court received no testimony or documentary evidence but decided the matter upon the Complaint and argument of counsel. [Per stipulation.]
* * * * * *
“ . . .It was agreed that the issue presented was the standing and right of Plaintiff to intervention and an appropriate hearing before the Beverage Di *178 vision on the license application of Defendant, National Distributing Co., Inc., the Court being advised in the premises
* * * Hí * *
“The Plaintiffs had standing and the right to intervene and be heard by the Division, and the Division did accord the Plaintiffs some sort of hearing on the issues raised in the Protest . . . and accordingly Plaintiff Grantham Distributing Co., Inc. was not entirely denied a hearing before that agency . . . the Court expressly finds that said hearing by the Division on July 12, 1973, was not sufficient or adequate with regard to the subject matter thereof.
“Article IV, Section 6, of the Florida Constitution, Sections 120.22, 120.23 and 120.24, Florida Statutes, and Section 20.-16(3) (a) in pari materia and in conjunction with Chapter 561, Florida Statutes, requires that the actions and decisions of the Division and its Director, including those set forth and described in Paragraphs 30-42 of the Complaint to have been done on July 12, 1973, with respect to the Protest and National Distributing Co., Inc.’s applications for a beverage license in Orlando, Florida, to which the Protest was directed, are subject to the control, supervision and review of the Department of Business Regulation. Thus, this Court holds that prior to the Division’s approval, issuance and validation of that license, the Plaintiffs should have been, and must be, afforded the right and an opportunity to seek review of the Director’s determination and decision on July 12, 1973, regarding the Protest and the Division’s actions and procedures respecting said license application by appeal to the Board of Business Regulation and resort to the courts. .
******
“The Court has jurisdiction in this matter. Plaintiffs have standing to appeal the foregoing actions and decisions of the Division to the Board of Business Regulation pursuant to this Court finding that Plaintiff is an interested party. Further, it appears at this point that the Plaintiffs have apparent standing to maintain this action for declaratory and injunctive relief. The Court finds unless the temporary relief hereinafter set forth is granted irreparable injury will result to the interest of the Plaintiffs and perhaps to this State and its citizens...."
In its order refusing to dissolve its temporary injunction, the trial court said:
“Based upon the facts asserted, the plaintiffs were and are interested persons within the meaning of Section 20.-16(3) (2) [sic], Florida Statutes, and were entitled to intervene in the proceedings before the Division of Beverage. Furthermore, based upon the facts asserted, the plaintiffs were entitled to have the Board of Businesss Regulation review the action of the Division of Beverage, prior to the issuance of the license in question. The constitution requires that the administration of each department be placed under the direct supervision of the head of the department. Article IV, Section 6, Constitution of the State of Florida. To allow a division of a department to act independent of the department would render Article IV, Section 6 which limits the number of independent agencies or departments to twenty-five, meaningless. The department head’s responsibility in this regard is further bolstered by Section 20.-5(1) of the Florida Statutes which sets forth that except as otherwise provided, the head of the department shall, 'Plan, direct, coordinate, and execute the powers, duties and functions vested in that department or vested in a division, bureau or section of that department; powers and duties assigned or transferred to a division, bureau, or section of a department shall not be construed to be a limitation upon this authority and responsibility . . (Emphasis supplied). Section 20.16(3) (2) [sic] of the *179 Statutes specifically provides that an (interested person may appeal an adverse decision by a division to the department of business regulation’. Defendants have cited State ex. rel. Investment Corp. of So. Fla. v. Harrison v. Pallot, 247 So.2d 713 (Fla.1971), in support of their position, but the Court can find nothing in that case that would deny an interested person the right to appeal to the Board of Business Regulation an adverse decision of the Division of Beverage before a license is issued as appears to be specifically provided for in Section 20.16(3) (a) of the Florida Statutes.”
It is my view the trial court’s interlocutory orders were correct and that in this case Petitioners had the statutory right as allegedly aggrieved competitors to intervene and be heard by the Division of Beverage, with right of appeal to the Board of Business Regulation. This right springs from the coordinated language of pertinent provisions of Chapter 20, the Governmental Reorganization Act, and Chapter 120, the Administrative Procedure Act. The holding to the contrary of the District Court of Appeal based upon such distinctions as superior exclusive “quasi-judicial,” “quasi-executive,” or “quasi-legislative” functions precluding the right to intervene appears to me wholly insufficient to negate the application of the above statutes. This right is subject to no exclusion on some superior legislative or judicial basis that the intervenor has no standing because of supposed conclusively delegated license authority in the Division of Beverage. As the District Court has it, not even a judicial review of the license granted National is authorized because Petitioners as competitors have no standing administratively or judicially to seek it.
The subject of beverage license granting is not exclusively concluded by the Legislature. Instead, the Legislature recognizes that in the matter of granting beverage licenses of all kinds each application involves different considerations, including moral qualifications, which must be individually considered by the Division in keeping with statutory standards.
The pertinent statutes provide for a Department of Business Regulation (Sec. 20.-16, F.S.) with a Division of Beverage (Sec. 20.16(2) (d)). Section 20.16(3) (a) provides that “Any interested person may appeal an adverse decision by a division to the board of business regulation.” Section 20.04(5) provides that: “All departments and units thereof shall be subject to the requirements of the administrative procedure act, chapter 120”.
Reference to Chapter 120 F.S. discloses that Section 120.22, F.S. provides:
“Hearing guaranteed. — Any party’s legal rights, duties, privileges or immunities shall be determined only upon public hearing by an agency unless the right to public hearing is waived by the affected party, or unless otherwise provided by law.”
In the definitions section, Section 120.21, F.S., subsections (1), (4), (5) and (6) provide :
“(1) Agency means the governing body of any state board, commission or department, or state officer who constitutes the agency authorized by law to adjudicate any party’s legal rights, duties, privileges or immunities, except the legislature, courts, governor and the department of revenue.
“(4) Party means individuals, partnerships, corporations, associations, or public or private organizations of any character, and any other agency allowed to intervene in an agency proceeding.
“(5) License means the whole or part of any agency permit, certificate, approval, registration, charter, membership, statutory exemption or other form of permission.
“(6) Licensing means agency process respecting the grant, renewal, denial, revocation, suspension, annulment, withdraw *180 al, limitation, amendment, modification, or conditioning of a license.”
Section 561.15, F.S. prescribes the qualifications of persons who may apply pursuant to Section 561.17, F.S. for any type of beverage license to manufacture, bottle, distribute, sell or in any way deal in alcoholic beverages. Section 561.15, F.S. provides licenses shall be issued only to persons and corporations of good moral character. Section 561.18, F.S. provides for a license investigation by the district supervisor of the division as to the qualifications of the applicant. Section 561.19, F.S. provides that after investigation the license shall be approved or disapproved by the division. If disapproved, notice and hearing shall be afforded applicant. Section 561.-29, F.S. prescribes grounds for revocation of licenses issued which indicate some of the bases which I believe might be taken into consideration by the Division in considering an applicant’s moral character.
It appears that Petitioners made a satisfactory showing that they were competitors of National and that they had the right to intervene before the Division issued National a license and attempt to make requisite prima facie showing that National or its officers were not of good moral character; that if permitted to operate under the applied for license National’s practices would involve further restraint of trade or monopoly inimical to protesting competitors and contrary to the public interest. Petitioners were held by the District Court to lack standing to assume the burden of making such a showing to the Division as well as to appeal to the Board of Business Regulation the granting of the license to National. Implicit also is the conclusion they lacked standing to seek judicial review.
I think they had standing administratively in the premises, otherwise pertinent provisions therefor in the Governmental Reorganization Act, the beverage laws, and the Administrative Procedure Act are dead letters. That they had standing as competitors to bring proceedings in court where rights of competition are allegedly involved has been resolved in this jurisdiction. By the. same token, I see no reason why the same grounds of attack by an intervening competitor could not be considered administratively in this matter so long as they involved alleged lack of good moral character, including the right to be protected from unfair, bad faith, monopolistic competition.
Where a bona fide objection is timely made by one who would be a business competitor to a successful applicant for a license, our laws in certain lines of endeavor require the licensing authority to hear the objector or protestant. E. g., in the granting of certificates of public convenience and necessity in common carriage transportation. The Administrative Procedure Act is a “catch-all” allowing interested or aggrieved persons to be heard whose interests allegedly would be affected by the granting of certain competing licenses in the absence of laws specifically to the contrary. The licensing provisions of the Beverage Act insofar as they prescribe moral and other discretionary standards to be exercised by Beverage Department officials give competitors standing to be heard to object to the issuance of particular beverage licenses when read in conjunction with the Administrative Procedure Act.
It thus appears that the District Court’s decision conflicts with our holding in Ervin v. Capital Weekly Post (Fla.1957), 97 So.2d 464, where we held that if the language of a statute is clear and admits of but one meaning it should be held there is no room for construction. Here, I find the statutory language plain, allowing Petitioners standing to be heard administratively-
It also appears that the First District Court’s denial of reviewability to Petitioners under the Administrative Procedure Act, based upon the conclusion that actions of the Division of Beverage were not “quasi-judicial” is in conflict with Char *181 bonier v. Wynne (Fla.App.1973), 282 So.2d 171. There, the Second District Court determined that the Administrative Procedure Act permits review of final orders of agencies irrespective of whether they are judicial or “quasi-judicial” in nature.
I particularly believe this situation is analogous in principle to the issue in Keating v. State ex rel. Ausebel (Fla.App.1964), 167 So.2d 46, and Keating v. State ex rel. Ausebel (Fla.1965), 173 So.2d 673. In the case reported in 167 So.2d 46, at 50, the District Court stated:
“We conclude that the better view, as to suits of this character, is to permit the challenging of the action by a competitor”
and this Court in the case reported in 173 So.2d 673, at 675, said:
“We are convinced that we should recede from Baker v. State ex rel. Hi-Hat Liquors, Inc., supra [159 Fla. 286, 31 So.2d 275], insofar as it holds that a licensee competitor has no standing to maintain an action of the kind here involved merely because as a business competitor the profits or commercial advantages which he might gain in eliminating his competition ‘are too elusive and uncertain to sustain the action.’ ”
In that case we quoted Sections 120.22 and 120.23, F.S.1963, of the Administrative Procedure Act and commented thereon as follows:
“It would therefore appear that even though § 561.58, Fla.Stat., F.S.A. [a section of the state beverage law providing “it shall be within the discretion of the director to prohibit or permit a license . to be issued for the location of the place of business formerly operated under such revoked license . . . ”] does not provide for a notice and hearing as required by due process of law, this deficiency is supplied by §§ 120.22 and 120.23 Fla.Stat. F.S.A., supra, and it is therefore unnecessary to strike down § 561.58, Fla.Stat., F.S.A., for failure to do so. Section 561.58, Fla.Stat., F.S.A., and the appropriate sections of the Administrative Procedure Act when taken together meet the minimum requirements of due process of law. . . . ” (At 678.)
Analogously, it appears to me from the foregoing citations that a competitor is entitled to intervene administratively in a license application matter involving the question of moral fitness or turpitude. It appears anomalous to hold that a competitor can sue to void a beverage license after it is granted to a competitor but he cannot originally intervene on his own volition in the administrative hearing which is provided by law to consider whether the applicant is a fit person to receive the license. It would appear an intervenor should be able to show at the administrative hearing that to grant the license to his competitor would be illegal because violative of inter-venor’s rights.
The decision of the District Court should be quashed with direction that the orders of the trial court stand.