392 So.2d 593 (1981)
Thomas Field BREWER, Appellant,
v.
INSURANCE COMMISSIONER AND TREASURER, as Head of the Department of Insurance, Appellee.
No. PP-76.
District Court of Appeal of Florida, First District.
January 20, 1981.
*594 Gerald W. Weedon and James C. Rinaman, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellant.
Edward L. Kutter, Tallahassee, for appellee.
LARRY G. SMITH, Judge.
Brewer appeals an order of the Insurance Commissioner revoking his licenses and eligibility to hold the licenses of ordinary life and general lines agent including disability insurance agent. He urges that Sections 626.611 and 626.621, Florida Statutes, under which his licenses and eligibility were revoked, are unconstitutional because they unlawfully delegate legislative authority and that the revocation of his licenses is not supported by competent substantial evidence. We affirm.
Brewer was charged with several counts of violating the insurance code by falsifying a policy loan agreement and by receiving premiums from proposed insureds, converting the money to his own use, and failing to place the insurance as agreed. After an administrative hearing, the hearing officer entered an order finding that the charges had been sustained and recommending that Brewer's licenses and his eligibility to hold the licenses be revoked. The Insurance Commissioner agreed and entered an order accordingly.
On appeal, Brewer contends that the evidence shows only a technical commingling of funds existed due to an administrative breakdown in his office which was caused by a turnover of office personnel. He further contends that the Insurance Commissioner ignored evidence of restitution and his prior unblemished record and reputation, which demonstrated the absence of any intentional detention of funds on his part. However, our examination of the record reveals repeated instances of Brewer's failure to return premiums due insureds, his collection of premiums for insurance coverage and his failure to obtain the insurance as agreed while retaining the premiums for his own use. In many of these instances, Brewer was contacted personally by the insureds concerning his retention of the premiums and his failure to place the insurance, but he ignored these communications and continued in possession of the premium funds for periods spanning several months. In one instance, Brewer knowingly falsified a policy loan agreement so that a finance company would make a loan it would not otherwise have made. In another instance, Brewer obtained premiums from an insured, made only partial payments on the insurance policies, and when the policies were cancelled, falsely misrepresented to the insured that the cancelled coverage was replaced by another insurance company. One of the insured's vehicles was involved in a collision for which he believed he had coverage. However, upon contacting the insurance company, the insured learned that Brewer had never submitted an application for coverage. In light of this evidence, we conclude that there was an adequate factual basis for the revocation of Brewer's licenses. Further, since the agency's findings and conclusions are supported by competent substantial evidence, we note that the penalty imposed in this case may not be reviewed by this court because it is within the permissible range of statutory law. Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978).
Next, we consider Brewer's argument that Sections 626.611 and 626.621, Florida Statutes, constitute an unlawful delegation *595 of legislative authority contrary to the provisions of Article III, Section 1 of the Florida Constitution. These statutes provide the grounds for denial, suspension, revocation, or refusal to renew insurance licenses. Section 626.611, Florida Statutes states the compulsory grounds for such penalties and Section 626.621, Florida Statutes, states the discretionary grounds.
Section 626.611 provides, in part:
The department shall deny, suspend, revoke or refuse to renew or continue the license of any agent, solicitor, or adjuster, ... and it shall suspend or revoke the eligibility to hold a license or permit of any such persons if it finds that as to the applicant, licensee, or permittee any one or more of the following applicable grounds exist: ...
Section 626.621 states:
The department may, in its discretion, deny, suspend, revoke, or refuse to renew or continue the license of any agent, solicitor, or adjuster, ... and it may suspend or revoke the eligibility to hold a license or permit of any such persons if it finds that as to the applicant, licensee, or permittee any one or more of the following applicable grounds exist under circumstances for which such denial, suspension, revocation, or refusal is not mandatory under s. 626.611: ...
The statutes then list in detail the actions or omissions for which the Insurance Commissioner may or shall deny, refuse to renew, suspend or revoke an insurance agent's license.
In most of the charges sustained against Brewer, the Insurance Commissioner found a violation of Section 626.561(1) which deals with an agent's reporting and accounting for a client's funds. In each instance in which violation of this statute was found, the insurance commissioner also found a violation of Section 626.621(2), Florida Statutes, which allows discretionary revocation of a license for violation of any provision of the Code. In the charges sustained against Brewer, he was also found to have violated one or more of subsections (5), (7), (9) or (10) of Section 626.611.
Brewer contends that Sections 626.611 and 626.621, do not provide any standard or guideline as to which acts or omissions would constitute grounds for revocation, or which would require only suspension or other penalty. He argues that they provide the Insurance Commissioner unlimited discretion in determining which violation shall merit revocation and which violation shall merit suspension, refusal to renew or denial of a license. Accordingly, he argues that the Insurance Commissioner has the unbridled discretion to "determine what the law shall be" and arbitrarily set penalties in a given case. It is his position that he has received the most extreme penalty available under the statutes, with no guidelines for establishment of appropriate penalty, under the circumstances of the case.
We recognize that the legislature may not delegate to an administrative official the power to say what the law is. However, the legislature may enact a law complete in itself, which leaves some discretion in the operation and enforcment of the law with an administrative official. Department of Citrus v. Griffin, 239 So.2d 577 (Fla. 1970). The distinction is said to be one between "delegation of the power to make the law, which necessarily involves a discretion as to what the law shall be, and the conferring of authority or discretion in executing the law pursuant to and within the confines of the law itself." Connor v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1966).
These statutes involve the field of licensing and the determination of personal fitness of applicants for or holders of a license. As such, the statutes fall within one of the long recognized exceptions to the strict requirement that express guidelines and standards be enunciated by the Legislature. Permenter v. Younan, 31 So.2d 387 (Fla. 1947). The Supreme Court set forth this exception in North Broward Hospital District v. Mizell, 148 So.2d 1 (Footnote 11) (Fla. 1962), as follows: "The general rule, which requires an express standard to guide the exercise of discretion is also subject to the exception that where it is impracticable *596 to lay down a definite comprehensive rule, such as where regulation turns upon the question of personal fitness, or where the act relates to the administration of a police regulation and is necessary to protect the general welfare, morals, and safety of the public, it is not essential that a specific prescribed standard be expressly stated in the legislation. In such situations the courts will infer that the standard of reasonableness is to be applied."
Sections 626.611 and 626.621 are part of a legislative scheme for determining whether applicants are qualified and remain qualified and fit to be insurance agents. This scheme is designed to aid the health, safety and welfare of the general public. Accordingly, we find that these statutes fall within the line of delegation cases enumerated above and that they are not constitutionally defective.
AFFIRMED.
ROBERT SMITH and WENTWORTH, JJ., concur.