432 So.2d 93 (1983)
ASTRAL LIQUORS, INC., and R.J. Mandell Corporation, Appellants,
v.
STATE, DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellee.
Nos. 82-475, 82-1803.
District Court of Appeal of Florida, Third District.
February 22, 1983.
On Rehearing June 21, 1983.
*94 Sy Chadroff and Lane Abraham, Miami, for appellants.
James N. Watson, Jr., Tallahassee, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
HENDRY, Judge.
This cause is before us on consolidated appeals from two final orders of the Division of Alcoholic Beverages and Tobacco which revoked appellant Astral's beverage license and denied appellant Mandell's application to transfer Astral's beverage license to itself.
In April, 1981 Astral and Mandell entered into a written contract for sale of Astral's business contingent upon the transfer of the liquor license to Mandell. At that time administrative charges were pending against Astral's owner for conviction of federal drug laws. On May 26, 1981 Mandell applied to the Division for transfer of the license which request was denied on the basis of pending administrative proceedings. On March 4, 1982 a final order revoking Astral's license was entered. Upon Mandell's request for review of the Division's denial of its transfer application, a hearing officer entered an order recommending that the application be granted, *95 but on July 26, 1982, the Division rejected this recommendation and denied the transfer.
On appeal Mandell challenges the order denying transfer of the license[1] on two grounds. The first ground alleged is that the agency erred in denying the application without explaining its reasons or the policy behind its actions. We disagree.
Section 561.32(2), Florida Statutes (1981), under which the application for transfer was denied, states that:
No one shall be entitled as a matter of right to a transfer of a license or interest in a license or to a change of executive officers or directors when the division has notified the licensee in writing that revocation or suspension proceedings have been or will be brought against the license; and the transfer of such license or financial interest in such license or the change of executive officers or directors in such case shall be within the discretion of the division.
Thus, section 561.32(2) places the grant or denial of a license transfer within the discretion of the agency where the licensee has been notified in writing that revocation or suspension proceedings have been or will be brought against the license.
In the present case, not only had the licensee been notified that such proceedings might take place, his license had in fact been revoked. Consequently, under the clear language of the statute, the Division had the ultimate authority to grant or deny the transfer. The disapproval in this case stemmed from the pending administrative charges.
An applicant for a license or permit carries the "ultimate burden of persuasion" of entitlement throughout all proceedings. Florida Department of Transportation v. J.W.C. Co., Inc., 396 So.2d 778 (Fla. 1st DCA 1981); Balino v. Department of Health and Rehabilitative Services, 348 So.2d 349 (Fla. 1st DCA 1977). By failing to demonstrate an absence of pending agency proceedings, Mandell did not meet its burden of persuasion and the Division properly exercised its discretion to deny the transfer.
Mandell's second contention is that section 561.32(2), Florida Statutes (1981) is an unconstitutional delegation of power by the legislature. The main thrust of this argument is that the unconstitutionality stems from a lack of policy, guidelines, or rules within the statute.
The doctrine of nondelegation[2] does not preclude all agency discretion. Solimena v. State, Department of Business Regulation, 402 So.2d 1240 (Fla. 3d DCA 1981), review denied, 412 So.2d 470 (Fla. 1982). The legislature may not delegate the power to say what the law is; however, it may enact a law complete in itself which leaves some discretion in the operation and enforcement of the law with an administrative official. State, Department of Citrus v. Griffin, 239 So.2d 577 (Fla. 1970).
The distinction is said to be one between `delegation of the power to make the law, which necessarily involves a discretion as to what the law shall be, and the conferring of authority or discretion in executing the law pursuant to and within the confines of the law itself.' Conner v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1968).
Brewer v. Insurance Commissioner and Treasurer, 392 So.2d 593, 595 (Fla. 1st DCA 1981).
Although agency discretion must ordinarily be governed by legislative standards and guidelines which direct the agency in implementing the law, Coca-Cola Company v. State, Department of Citrus, 406 So.2d 1079 (Fla. 1981), appeal dismissed, 456 U.S. 1002, 102 S.Ct. 2288, 73 L.Ed.2d 1297 (1982), two recognized exceptions to this requirement are licensing and the determination of the fitness of license applicants, *96 and regulation of occupations which are engaged in by privilege rather than by right and which are potentially injurious to the public welfare. Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947); Solimena v. State, Department of Business Regulation, supra.
The general rule, which requires an express standard to guide the exercise of discretion is also subject to the exception that where it is impracticable to lay down a definite comprehensive rule, such as where regulation turns upon the question of personal fitness, or where the act relates to the administration of a police regulation and is necessary to protect the general welfare, morals, and safety of the public, it is not essential that a specific prescribed standard be expressly stated in the legislation. In such situations the courts will infer that the standard of reasonableness is to be applied.
Brewer v. Insurance Commissioner and Treasurer, supra at 595-96.
Review of the challenged statute in light of these standards reveals that this legislation falls within both exceptions. Section 561.32 itself, as well as case law interpreting the beverage laws, State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947), makes it clear that it is a privilege rather than a right to obtain a liquor license, and in Holloway v. Schott, 64 So.2d 680 (Fla. 1953), the Florida Supreme Court recognized a wider latitude for the exercise of the state's police power with respect to the sale and possession of intoxicating liquors because of the injurious effect of its use on the health and general welfare of the public.
We conclude that section 561.32(2), Florida Statutes (1981), granting the Division absolute discretion to deny transfer of an existing liquor license where administrative charges are pending, serves the salutary purpose of protecting the public from abuse of the laws governing the operation of establishments dispensing alcoholic beverages. To this end, the Division may lawfully exercise police powers granted by the legislature notwithstanding the absence of specific guidelines. We therefore hold that section 561.32(2) constitutes a valid delegation of authority to the Division.
Affirmed.

ON REHEARING
PER CURIAM.
Rehearing having been granted in the above cause, the court adheres to its original opinion.
DANIEL S. PEARSON, Judge, dissenting.
In my view, Section 561.32(2), Florida Statutes (1981), unconstitutionally delegates legislative power to the Division of Alcoholic Beverages and Tobacco (DABT) by giving to DABT complete and unfettered discretion to grant or deny the transfer of a license or interest in a license whenever revocation or suspension proceedings are pending or about to be pending against the existing licensee. The DABT says that as a matter of unwritten policy, it denies license transfers in every case, such as the present one, where the proceedings against the licensee are a result of the licensee being convicted of a crime, whether or not such crime is related to the operation of the licensed premises. I have no reason to doubt the good faith of the DABT or that it exercises its discretion evenhandedly. The problem, as I see it, is that if the DABT chooses to be arbitrary, allowing transfers in some cases and not in others under similar circumstances, its arbitrary exercise of the power vested in it by the Legislature would not be precluded by the statute and would be totally insulated from review by any court, all stemming from the lack of legislative standards and guidelines in the statute against which the administrative action can be measured.
But the majority says that standards and guidelines, which it concedes are ordinarily required, are unnecessary here because first, the industry being regulated is the liquor industry, one which is potentially injurious to the public welfare, and second, the statute involves licensing and the determination of the fitness of license applicants.
*97 As to the majority's first exception to the general rule, it is clear that the phrase "liquor industry" is not a talisman before which the constitutional prohibition against unlawful legislative delegation disappears. Thus, in Carbo, Incorporated v. Meiklejohn, 217 So.2d 159 (Fla. 1st DCA 1968), cert. denied, 225 So.2d 533 (Fla. 1969), the court struck down a statute which required a finding only that the issuance of a liquor license be "in the interest of the public and the licensee concerned." The court found the statute to be an unconstitutional attempt to delegate legislative power, in that it failed to specify the standards to be met in determining what is in the "interest of the public." I think the statute before us is, a fortiori, unconstitutional.
As to the majority's second exception, namely, that the statute involves licensing and the determination of fitness of license applicants, Carbo itself, which involved a licensing statute, shows that no such blanket exception exists. More important, however, is that the statute involved in the present case does not have the slightest thing to do with the prospective transferee's fitness or qualifications. As the order under review significantly recites:
"8. DABT disapproved petitioner's application to transfer the license solely on the ground that there were pending proceedings against the license holder. DABT does not question whether the sale of Foxxy Laidy to petitioner is a bona fide, arms-length transaction or qualifications of petitioner to hold an alcoholic beverage license. (Testimony of Harris; Ex. 2A, Ex. 8, Ex. 9.)
"9. DABT presented no evidence in support of denying petitioner's application other than there were pending administrative proceedings against the licensee. It did not explain or offer any reasons why, in this case, it should exercise its discretion by denying petitioner's application. To the extent its decision rests on non-rule policy considerations, it did not explicate them or subject them to scrutiny at hearing.
"10. DABT's evidentiary posture was a result of the statutory provisions of F.S. 561.32 wherein the Division is given statutory discretion to determine whether or not a transfer should be permitted when there are pending administrative charges. The provisions of F.S. 561.32 require no explanation of the Division's discretion thereunder and as a statutory power such discretion is not a matter of policy."
Accordingly, because I believe that Section 561.32(2) would allow the DABT to approve or disapprove transfers of licenses at the Division's whim and caprice, I would hold the statute unconstitutional and reverse the order denying transfer.
NOTES
[1] Although this appeal also stems from the final order revoking Astral's license, the only order challenged herein is the final order denying Mandell's application for the transfer of Astral's license.
[2] Art. II, § 3, Fla. Const. See also Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978).