463 So.2d 1130 (1985)
ASTRAL LIQUORS, INC., et al., Petitioners,
v.
DEPARTMENT OF BUSINESS REGULATION, Etc., Respondent.
No. 63904.
Supreme Court of Florida.
January 24, 1985.
Rehearing Denied March 8, 1985.
Lane Abraham of Sy Chadroff, P.A., Miami, for petitioners.
James N. Watson, Jr., Staff Atty., Tallahassee, for respondent.
OVERTON, Justice.
This is a petition to review a decision of the Third District Court of Appeal reported as Astral Liquors, Inc. v. State, Department of Business Regulation, 432 So.2d 93 *1131 (Fla. 3d DCA 1983), in which that court declared valid section 561.32(2), Florida Statutes (1981). This statute states that the transfer of an existing beverage license is not a matter of right and that the transfer may be denied within the discretion of the Division of Alcoholic Beverages when administrative charges are pending against the owner of the license.[*] The district court upheld the statute against a claim that the statute was an unconstitutional delegation of power by the legislature. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and we approve the decision of the district court.
The uncontroverted facts reflect the following:
On August 27, 1980, the sole stockholder and principal officer of Astral was convicted in federal court of the felony of conspiracy to import marijuana.
On November 26, 1980, the Division of Alcoholic Beverages and Tobacco filed administrative charges against Astral based on the criminal conviction of its principal stockholder and corporate officer.
On April 10, 1981, Astral contracted to sell its business, including the alcoholic beverage license, to the R.J. Mandell Corporation.
On May 26, 1981, Mandell filed an application for the transfer of the license.
On September 22, 1981, the Division of Alcoholic Beverages and Tobacco denied the transfer application on the ground that administrative proceedings involving the license were pending.
On December 8, 1981, an administrative hearing was conducted on the charges against Astral. A final order was entered on March 4, 1982, revoking the license on the ground that, because the owner and principal officer of Astral had been convicted of violating federal law, Astral was no longer qualified to retain the beverage license.
On April 1, 1982, an administrative hearing was held on the denial of Mandell's transfer request. The hearing examiner recommended that the Division of Alcoholic Beverages and Tobacco transfer the license to Mandell. The division rejected the hearing officer's recommendation and entered a final order denying the transfer application on July 26, 1982.
Notices of appeal from both final administrative orders were filed and the issues were consolidated for review by the district court. Mandell argued on appeal (1) that the division erred in denying its application to transfer Astral's license because it did not explain its reasons or policy in denying the transfer, and (2) that section 561.32(2) is an unconstitutional delegation of power by the legislature because the statute fails to set forth guidelines or rules governing the action of the Division of Alcoholic Beverages and Tobacco in denying the transfer of beverage licenses. The district court held that the division had properly exercised its discretion to deny the transfer. 432 So.2d at 95. It noted that, as a general rule, the legislature should provide certain legislative standards and guidelines when delegating discretion to an agency. The court recognized, however, that there are two exceptions to the strict application of the general rule: when the subject of the statute concerns licensing and determination of fitness of license applicants and when the statute deals with the regulation of businesses which are operated as a privilege rather than as a right. Id. at 95-96.
We agree with the district court that section 561.32(2) does not involve an unconstitutional delegation of legislative power to the Division of Alcoholic Beverages and Tobacco. Where the legislature authorizes *1132 an agency of the state to enforce a statute enacted under the police power, the legislature is not required to provide specific rules to cover all conceivable situations that may confront the agency. The discretion granted an agency in these situations must, however, be "sufficiently governed by legislative standards as to constitute a judicially reviewable discretion." Reynolds v. State, 383 So.2d 228, 230 (Fla. 1980) (citing Florida State Board of Architecture v. Wasserman, 377 So.2d 653 (Fla. 1979)).
Discretionary authority is necessary for agencies involved in the issuance of licenses and the determination of fitness of applicants for licenses. See Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947); Solimena v. State, Department of Business Regulation, 402 So.2d 1240 (Fla. 3d DCA 1981), review denied, 412 So.2d 470 (Fla. 1982); Brewer v. Insurance Commissioner & Treasurer, 392 So.2d 593 (Fla. 1st DCA 1981). This discretionary authority is particularly necessary where an agency regulates "occupations which are practiced by privilege rather than by right and which are potentially injurious to the public welfare." Solimena, 402 So.2d at 1246. As we explained in North Broward Hospital District v. Mizell, 148 So.2d 1 (Fla. 1962), in certain areas "it is impracticable to lay down a definite comprehensive rule." Id. at 4, n. 11 (quoting 1 Am.Jur.2d Administrative Law § 116 (1962)). That does not mean, however, that the discretion exercised by the agency is unchecked. We emphasize that discretionary agency action must be subject to judicial review to determine whether it meets the standard of reasonableness. Id.
We emphasize that the operation of a liquor business is a privilege rather than a right, and the state may, within the exercise of its police power, regulate the sale and possession of alcoholic beverages as well as the conditions under which businesses selling alcoholic beverages operate. See State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947). This regulation includes restrictions on the transfer of beverage licenses. Section 561.32(2) reasonably permits the state to deny the transfer of liquor licenses when the licensee has been charged with violation of the beverage laws. It is intended to restrict the transfer of a beverage license when the licensee has been charged with conduct that subjects the license to revocation or suspension. That purpose is a reasonable and proper subject of legislative police power regulation. If a licensee were able to sell or otherwise transfer a beverage license before final action could be taken regarding the licensee's violation of the beverage laws, the control of the licensing process could be easily circumvented. We reject the petitioner's assertion that our decision in this case should be controlled by Carbo, Inc. v. Meiklejohn, 217 So.2d 159 (Fla. 1st DCA 1968), cert. denied, 225 So.2d 533 (Fla. 1969).
For the reasons expressed, we approve the decision of the district court.
It is so ordered.
ADKINS, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., dissents.
NOTES
[*] Section 561.32(2), Florida Statutes (1981), reads as follows:

No one shall be entitled as a matter of right to a transfer of a license or interest in a license or to a change of executive officers or directors when the division has notified the licensee in writing that revocation or suspension proceedings have been or will be brought against the license; and the transfer of such license or financial interest in such license or the change of executive officers or directors in such case shall be within the discretion of the division.