PER CURIAM.
Appellant Board of Dentistry (Board) challenges an order- of the Division of Administrative Hearings holding that a proposed amendment to Rule 59Q-16.001(1), Florida Administrative Code is an invalid exercise of delegated legislative authority to the extent that it seeks to prohibit performance of gin-gival curettage with laser technology by dental hygienists. We reverse because the hearing officer placed tighter constrictions on the board’s authority than the law requires. Although the statutes applied by the hearing officer restrict the Board’s ability to prohibit a dentist from delegating the task of gingival curettage to a dental hygienist, nothing in the statutes completely bars the Board from regulating the use of certain tools available to perform a delegable task.
*867 Under Chapter 466, Florida Statutes, the Board is authorized to regulate the licen-sure and practice of dentistry and dental hygiene. Section 466.024, Florida Statutes provides:
(1) A dentist may not delegate irremediable tasks to a dental hygienist or dental assistant, except as provided by law. A dentist may delegate remediable tasks to a dental hygienist or dental assistant when such tasks pose no risk to the patient. A dentist may only delegate remediable tasks so defined by law or rule of the board. The board shall by rule designate which tasks are remediable and delegable, except that the following are by law found to be remediable and delegable:
(a) Taking impressions for study casts but not for the purpose of fabricating any in-traoral restorations or orthodontic appliances.
(b) Placing periodontal dressings.
(e)Removing periodontal or surgical dressings.
(d) Removing sutures.
(e) Placing or removing rubber dams.
(f) Placing or removing matrices.
(g) Placing or removing restorations.
(h) Placing or removing temporary restorations.
(i) Polishing amalgam restorations.
(j) Polishing clinical crowns of the teeth for purpose of removing stains but not for changing the existing contour of the tooth.
(k) Obtaining bacteriological cytological specimens not involving cutting of the tissue.
Nothing in this subsection shall be construed to limit delegable tasks to those specified herein.
(2) Notwithstanding subsection (1), a dentist may delegate the tasks of gingival curettage and root planing to a dental hygienist but not to a dental assistant.
By enacting the rules contained in chapter 59Q-16, Florida Administrative Code, the Board has attempted to fulfill its responsibility of setting out those tasks that are remediable and delegable by a dentist to a dental hygienist or dental assistant. The existing rule, with the proposed amendment underlined, reads:
59Q-16.001 Definitions of Remediable Tasks and Supervision Levels.
(1)Remediable tasks, also referred to as expanded functions of dental assistants, are those intro-oral tasks which do not create unalterable changes in the oral cavity or contiguous structures, are reversible and do not expose a patient to increased risk. The use of a laser or laser device of any type is not a remediable task.
The hearing officer found the proposed laser rule “contravenes provisions of Subsection 466.024(2), Florida Statutes, and, to that extent, constitutes an invalid exercise of delegated authority when applied to dental hygienists in the performance of the task of gingival curettage.” The hearing officer based this ultimate conclusion upon his reasoning that, “[T]he net effect of (the)rule amendment, if implemented, is a determination that the task of gingival curettage is not remediable if performed with laser technology. Such a determination is without a basis in statutory authority and cannot override the specific separation, provided by Section 466.024(2), Florida Statutes, of gingival curettage and root planing from the definition of remediable tasks.”
Notwithstanding this reasoning, however, the laser rule does not improperly infringe upon the legislature’s determination that a dentist may delegate gingival curettage to a dental hygienist. The rule does not even address curettage; * rather, it addresses the propriety of a dental hygienist’s use of a laser device. We cannot agree with the hearing officer’s conclusion that the Board is completely stripped of any power to regulate, rather than prohibit a hygienist’s perfor- *868 manee of a task found by the legislature to be delegable. We are directed by the Board to numerous instances in rule chapter 59Q-16 where an identified task is delegable only when performed with specified equipment. See, e.g. Fla. Admin. Code R. 59Q-16.005(1)(c), (d), (e), (f); 59Q-16.006(3)(a), (b), (d), (h); 59Q-16.007(1)(b)(1995).
When the legislature authorizes an agency of the state to enforce a statute enacted under the police power, such as the instant statute, the legislature is not required to prescribe specific rules of action or to specifically cover every conceivable situation that may confront the agency. Astral Liquors, Inc. v. Department of Bus. Reg., 463 So.2d 1130 (Fla.1985); Florida State Bd. of Architecture v. Wasserman, 377 So.2d 663, 656 (Fla.1979). Rule making authority may be implied to the extent necessary to properly implement a statute governing the agency’s statutory duties and responsibilities. Department of Prof. Reg., Bd. of Prof. Engineers v. Florida Soc’y of Prof. Land Surveyors, 475 So.2d 939, 942 (Fla. 1st DCA 1985). The legislative purpose of chapter 466 is to “ensure that every dentist” or dental hygienist practicing in this state meets minimum requirements for safe practice.” § 466.001, Fla. Stat. (1995). The Board was apparently influenced by matters of record suggesting that lasers have qualitatively different effects on human tissue than do other dental instru-mentalities. This was, in our judgment, a matter within the Board’s expertise, and nothing in the order on review suggests otherwise.
Accordingly, we REVERSE the hearing officer’s order and uphold the proposed rule.
REVERSED.
ERVIN, KAHN and DAVIS, JJ., concur.

 According to the record, gingival curettage is the removal of inflamed, infected, or diseased soft gum tissue from inside an area known as the periodontal pocket. Traditionally, this task has been accomplished with a surgical steel instrument, inserted into the space between the tooth and gum and swiped along the side of the tissue to remove infected or inflamed tissue. In recent years other instruments, including lasers and sonic devices have been used in dentistry to accomplish the same results as traditional curettage.