464 So.2d 1189 (1985)
MICROTEL, INC., Appellant,
v.
FLORIDA PUBLIC SERVICE COMMISSION, et al., Appellees.
Nos. 64801, 65307, 65351 and 65449.
Supreme Court of Florida.
February 28, 1985.
*1190 James E. Wharton, Orlando, for appellant.
William S. Bilenky, Gen. Counsel, Tallahassee, for Florida Public Service Com'n.
Richard D. Melson of Hopping, Boyd, Green & Sams, Tallahassee, for MCI Telecommunications Corp.
Hugh J. Turner, Jr. of Smathers & Thompson, Miami, and Kevin H. Cassidy, McLean, Va., for Satellite Business Systems.
Ben E. Girtman and B. Kenneth Gatlin of Madigan, Parker, Gatlin, Swedmark & Skelding, Tallahassee, for United States Transmission Systems, Inc.
Patrick K. Wiggins of Messer, Rhodes & Vickers, Tallahassee, for GTE Sprint Communications Corp.
EHRLICH, Justice.
These cases are before us for review of orders of the Public Service Commission. We are required to hear these appeals by sections 350.128 and 364.381, Florida Statutes (1983), pursuant to article V, section 3(b)(2), Florida Constitution.
Microtel was the first company certified by the Commission to provide competitive intrastate long distance service. The company urges that subsequent certification of other telephone companies, appellees here, should be denied or delayed for several reasons. We find appellant's arguments completely without merit and affirm the Commission.
Appellant Microtel first argues that the Commission is required to consider the criteria enumerated in section 364.337(2), Florida Statutes (1983), in determining whether to issue a certificate. According to Microtel, failure to do so in the instant cases renders the Commission's actions invalid. This is based on a clearly erroneous reading of the statutes. As the Commission urges, we find that sections 364.335 and 364.337, taken together, provide for a *1191 two-step certification process. The first step, governed by section 364.335, requires the Commission to make an initial decision whether to issue a certificate, guided by the discretionary proviso that certification be in the public interest. Only after the Commission has decided to certify do the provisions of section 364.337 come into play. The enumerated criteria of section 364.337(2) are to be considered in determining what special requirements and exemptions from regulation should govern the certified company. They are not relevant to the initial determination of whether to issue the certificate.
Microtel asserts that this construction of the statutes gives the Commission unbridled discretion in making the initial certification decision. Unbridled discretion is prohibited by this state's adherence to the doctrine of nondelegation of legislative power, pursuant to article II, section 3, Florida Constitution.
Under this doctrine fundamental and primary policy decisions shall be made by members of the legislature who are elected to perform those tasks, and administration of legislative programs must be pursuant to some minimal standards and guidelines ascertainable by reference to the enactment establishing the program.
Askew v. Cross Key Waterways, 372 So.2d 913, 925 (Fla. 1978). In the instant situation, the legislature made the "fundamental and primary policy decision" that there be competition in long distance telephone service.
In implementing this policy decision, the legislature is obliged by the nondelegation doctrine to establish adequate standards and guidelines. Subordinate functions may be transferred by the legislature to permit administration of legislative policy by an agency with the expertise and flexibility needed to deal with complex and fluid conditions. State, Department of Citrus v. Griffin, 239 So.2d 577 (Fla. 1970). Otherwise, the legislature would be forced to remain in perpetual session and devote a large portion of its time to regulation. Id. "Obviously, the very conditions which may operate to make direct legislative control impractical or ineffective may also, for the same reasons, make the drafting of detailed or specific legislation impractical or undesirable." Id. at 581.
In the instant situation, the legislature has provided standards and guidelines in section 364.335(1).[1] It is fairly obvious from the language of this section that the legislature wanted the Commission to make certain that competition in long distance telephone service would be conducted by one who has the technical and financial ability to provide such service, and to know what territory the applicant proposed to operate in and the facilities that would be provided, and to ascertain what service, if any, was currently being provided by others in geographical proximity to the territory applied for. The clear legislative intent to foster competition also illuminates the public interest standard of section 364.335(4). We are of the opinion that adequate standards and guidelines are provided in this statute in light of the legislative objective to bring competition into this business area which had not heretofore existed.
Finally, Microtel claims it is entitled to be protected from competition until it has had a reasonable time to establish itself in the marketplace. This argument is based on what can kindly be called a wishful reading of section 364.345(1), Florida Statutes (1983): "Each telephone company shall provide adequate and efficient service *1192 to the territory described in its certificate within a reasonable time as prescribed in the commission order." However, this statute is intended to protect consumers, not the telephone companies. It requires companies to provide the service promised. This construction is supported by examining the remainder of the section, which details sanctions for failing to satisfy the requirements. Microtel also argues that the public interest would best be served by a protective period. It is arguable whether the legislative mandate would even permit the Commission to limit competition in this manner; we defer to the Commission's determination that the plan currently implemented is in the public interest.
The orders are supported by competent substantial evidence, and accordingly are affirmed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.
NOTES
[1] 364.335 Application for certificate.

(1) Each applicant for a certificate shall:
(a) Provide all information required by rule or order of the commission, which may include a detailed inquiry into the ability of the applicant to provide service, a detailed inquiry into the territory and facilities involved, and a detailed inquiry into the existence of service from other sources within geographical proximity to the territory applied for.
(b) File with the commission schedules showing all rates for service of every kind furnished by it and all rules and contracts relating thereto.
.....