474 So.2d 359 (1985)
DEPARTMENT OF BUSINESS REGULATION, DIVISION OF ALCOHOLIC BEVERAGES AND TOBACCO, Appellant,
v.
James JONES and the Career Service Commission, Appellees.
No. BA-446.
District Court of Appeal of Florida, First District.
August 8, 1985.
Sandra P. Stockwell, Staff Atty., Dept. of Business Regulation, Tallahassee, for appellant.
Bernard Dempsey, Jr., of Dempsey & Goldsmith, Orlando, for appellee James Jones.
Jim Smith, Atty. Gen., Arthur C. Wallberg, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee Career Service Com'n.
*360 ERVIN, Judge.
Department of Business Regulation, Division of Alcoholic Beverages and Tobacco (Division), appeals from an order of the Career Service Commission (Commission) reducing Jones' dismissal to a 60-day suspension and reinstating him as a Division employee. We affirm.
On December 15, 1983, the Division dismissed Jones, after 17 years of service as a Beverage I Officer, based on incidents that occurred on November 17, 1983. The Division alleged that (1) while on duty, assisting in the seizure of alcoholic beverages at a restaurant, Jones consumed one or more drinks of such beverages; (2) prior to leaving the premises, Jones accepted gifts including food and four lamps or lanterns; (3) upon returning to the Division's district office, Jones consumed one or more drinks while unloading the seized beverages; (4) after returning a fellow employee's van which had been used for the seizure of the beverages, Jones consumed almost another full beer; and (5) at approximately 9:30 p.m. on the same evening, Jones was involved in a single vehicular accident, which he did not, as required by the procedure manual, report immediately to his supervisors, but did report the following morning.
The Division found that "[t]hese actions constitute conduct unbecoming a State employee, use of intoxicants while on duty[,] and willful violation of written rules and policies including section 7-2.13, F.A.C. and sections 2M and 13F of the Division ... Policy and Procedure Manual."[1] The Division concluded these violations were just cause for dismissal.
Jones, a career service employee, appealed his dismissal to the Career Service Commission, and a de novo hearing was held pursuant to Section 110.309(1), Florida Statutes. In its final order, the Commission found that Jones' conduct constituted just cause for disciplinary action; however, the Commission found, pursuant to Section 110.309(4), Florida Statutes, although just cause existed for disciplinary action, that his conduct did not justify dismissal. Therefore, the Commission reduced the dismissal *361 to a 60-day suspension and reinstated Jones thereafter, together with back pay from the date of reinstatement.
The Commission's order adopted certain of Jones' proposed conclusions of law, stating:
There is not substantial competent evidence to establish that Officer Jones violated § 2M of the Policy and Procedure manual or § 7-213, F.A.C., in that the [food and lamp] items given to the officers at the premises were considered items which would be thrown away and, therefore, of no value. It is obviously the intent of this provision of the manual to avoid any appearance of impropriety in an investigation of a licensee ... [However], there is not one scintilla of evidence to suggest that any promises were made to the employees or any presumptions made on the part of the employees that they would receive favorable treatment as a result of giving these items to the officers.
* * * * * *
While technically Officer Jones may have violated § 13F of the procedure manual which requires that an officer immediately report an accident, his actions were justified under the circumstances.
* * * * * *
The Division has failed to meet its burden of proof and has not established by substantial competent evidence that the actions of Officer Jones warranted dismissal from his employment with the Division.
* * * * * *
The evidence shows that Officer Jones made no attempt to hide any of his actions and was willing, even through this Commission hearing, to make a full and complete accounting of his actions on that date.
The Commission also adopted the following findings of fact proposed by Jones:
Over the years, Officer Jones has maintained an impeccable record with the Division. In fact, he has received several commendations and not a single letter of reprimand. In addition, the majority of Officer Jones' job evaluations establish that he was considered an excellent beverage officer, one of the most productive in the Orlando office.
The Division argues that Section 110.309, Florida Statutes, giving the Commission the power to reduce a dismissal to a suspension, is unconstitutional as an exercise of unlawfully delegated legislative discretion since the statute contains no adequate standards by which the Commission's power can be checked. Section 110.309(4)(a) states:
Upon a finding that just cause for disciplinary action existed, but did not justify the severity of the action taken, the commission may, in its discretion: (a) Reduce a dismissal to a suspension for such time as the commission may fix; ...
Specifically, the Division argues that section 110.309(4)(a) gives the Commission unbridled discretion, since after finding "just cause" for disciplinary action, it may, in its discretion, reduce a dismissal to a suspension based on an amorphous standard that the disciplinary action did not "justify the severity of the action taken."
In Askew v. Cross Key Waterways, 372 So.2d 913 (Fla. 1978), the Florida Supreme Court reiterated the strict view in Florida that Article II, Section 3 of the Florida Constitution[2] prohibits the delegation of legislative powers absent ascertainable minimal standards and guidelines. Accord Orr v. Trask, 464 So.2d 131, 134 (Fla. 1985). There are, however, "[t]wo generally recognized exceptions to the general rule that the legislature should provide certain legislative guidelines when delegating *362 discretion to an agency to act ... [:] (1) when the subject of the statute relates to licensing and the determination of the fitness of the applicant to be licensed, and (2) when the statute regulates businesses operated as a privilege rather than as a right which are potentially dangerous to the public." Florida Waterworks Association v. Florida Public Service Commission, 473 So.2d 237, 245 (Fla. 1st DCA 1985); see also, Permenter v. Younan, 159 Fla. 226, 31 So.2d 387, 389 (Fla. 1947); Astral Liquors, Inc. v. State, Department of Business Regulation, 432 So.2d 93 (Fla. 3rd DCA 1983), aff'd., 463 So.2d 1130 (Fla. 1985); Solimena v. State, Department of Business Regulation, 402 So.2d 1240 (Fla. 3rd DCA 1981), review denied, 412 So.2d 470 (Fla. 1982); Brewer v. Insurance Commissioner and Treasurer, 392 So.2d 593 (Fla. 1st DCA 1981). The Florida Supreme Court early on set forth the following exception to the general rule of non-delegation:
The general rule, which requires an express standard to guide the exercise of discretion is also subject to the exception that where it is impracticable to lay down a definite comprehensive rule, such as where regulation turns upon the question of personal fitness, or where the act relates to the administration of a police regulation and is necessary to protect the general welfare, morals, and safety of the public, it is not essential that a specific prescribed standard be expressly stated in the legislation. In such situations the courts will infer that the standard of reasonableness is to be applied.
North Broward Hospital District v. Mizell, 148 So.2d 1, 4, n. 11 (Fla. 1962) (quoting 1 Am.Jur.2d, Administrative Law, Section 116) (emphasis supplied). As we stated in Burgess v. Florida Department of Commerce, 436 So.2d 356, 358 (Fla. 1st DCA 1983), review denied, 447 So.2d 885 (Fla. 1984), "`[T]he exigencies of modern government have increasingly dictated the use of general rather than minutely detailed standards in regulating enactments under the police power.'" (Quoting from Dickinson v. State, 227 So.2d 36, 37 (Fla. 1969).) "`[T]he specificity of standards and guidelines may depend upon the subject matter dealt with and the degree of difficulty involved in articulating finite standards.'" (Quoting from Askew v. Cross Key Waterways, 372 So.2d at 918.)
In the case at bar, Jones, at the time of his improper conduct, was aiding in the service of a search warrant upon a business which had been serving alcohol without a license. Jones' duties clearly fell within the public policy exception where the "act [Commission's discretionary disciplinary authority under Section 110.309, Florida Statutes] relates to the administration of a police regulation and is necessary to protect the general welfare, morals, and safety of the public". (emphasis supplied) North Broward Hospital District v. Mizell, 148 So.2d at 4.
Under the circumstances above, direct legislative supervision would be impractical, hence detailed legislation would also be impractical. Wells v. State, 402 So.2d 402, 406 (Fla. 1981); State, Department of Citrus v. Griffin, 239 So.2d 577 (Fla. 1970); Solimena v. State, Department of Business Regulation, 402 So.2d at 1246. The legislature has determined that, in cases involving agency disciplinary action against career service employees, the Commission may conduct a full-blown 120.57(1) de novo evidentiary hearing pursuant to section 110.309(1), thereby reflecting the legislative intent to give the Commission broad discretion to determine what it considers to be the appropriate sanction, regardless of what the employer agency recommends. The Commission assumes both the roles of fact-finder and adjudicator at a de novo hearing, during which it is able to observe all the evidence and testimony firsthand, and from that, make a proper reasoned disposition of a case.
Before the enactment of section 110.309(4), by Chapter 79-190, Section 22, Laws of Florida, the Commission's role was simply "to determine whether there existed competent substantial evidence to sustain the action taken by the agency and whether the facts establish `just cause'." State Department of Pollution Control v. State Career Service Commission, 320 So.2d 846, 848 (Fla. 1st DCA 1975). Once such *363 facts were established, the Commission had no control over the sanction inflicted by the agency. Id.; accord, Florida Department of Offender Rehabilitation v. Dunlap, 344 So.2d 608, 611 (Fla. 1st DCA 1977). The statutory change was no doubt effected to accomplish the legislative intent that, by placing control over the sanctions imposed in one agency, consistency in the disciplinary action taken for the same or similar conduct would be achieved, which heretofore had been meted out at the discretion of each agency head.
Finding that a specific standard is unnecessary to pass constitutional scrutiny in this case, we must determine if the Commission's action meets the standard of reasonableness. North Broward Hospital District v. Mizell, 148 So.2d at 4. In the case at bar, based on Jones' exemplary prior 17 years of service to the Division, and other mitigating factors which the Commission adopted from appellee Jones' proposed conclusions of law, we agree the Commission has acted reasonably in reducing Jones' dismissal to a suspension and reinstating him as an employee of the Division.
Finally, we find an alternative reason to affirm the Commission's order. Although the doctrine of non-delegation of legislative power is still firmly embedded in Florida, it does not eliminate all agency discretion. In Brewer v. Insurance Commissioner & Treasurer, 392 So.2d at 595, this court observed:
We recognize that the legislature may not delegate to an administrative official the power to say what the law is. However, the legislature may enact a law complete in itself, which leaves some discretion in the operation and enforcment [sic] of the law with an administrative official. Department of Citrus v. Griffin, 239 So.2d 577 (Fla. 1970). The distinction is said to be one between "delegation of the power to make the law, which necessarily involves a discretion as to what the law shall be, and the conferring of authority or discretion in executing the law pursuant to and within the confines of the law itself." Connor v. Joe Hatton, Inc., 216 So.2d 209 (Fla. 1966).
(emphasis supplied) Accord Solimena v. State, Department of Business Regulation, 402 So.2d at 1245. In the case at bar, the Commission is not given the "power to say what the law is", but is merely given the discretion to determine, within the confines of the law, whether the severity of the action taken by the Division was justified under the circumstances. Given the groundwork established by the legislature in section 110.309, the Commission has acted reasonably in enforcing the law within the legislative parameters. Therefore, we find no overlap of one branch of government's powers appertaining to another branch which would raise a serious constitutional question.
Accordingly, we conclude that Section 110.309(4), Florida Statutes, is not unconstitutional as an unlawful delegation of legislative authority. We find the Division's other issues raised on appeal without merit.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Section 7-2.13, Florida Administrative Code states in pertinent part:

(a) No employee or officer of the Department of Business Regulation shall solicit or accept, directly or indirectly, any gift, gratuity, favor, entertainment, lodging accomodations, transportation, loan or any other thing of monetary value regardless of amount or value from a person or their employee or agent who:
(1) Has, or is seeking to obtain, contractual or other business or financial relations with the Department;
(2) Has interests that may be substantially affected by the performance or nonperformance of his official duty.
Section 2M of the policy manual states:
M  Gifts and Gratuities Rule  Because of the high degree of public trust which has been reposed in the Department of Business Regulation by the Florida Legislature in the regulation of various business activities, it is essential that all employees and Officers of the Department of Business Regulation avoid any conduct or transaction which might result in, or create the appearance of, using public office for private gain, giving preferential treatment to any person, losing complete independence or impartiality, making a Department decision outside official channels, or adversely affecting the confidence of the public in the integrity of the Department of Business Regulation, therefore, all employees and Officers of the Department of Business Regulation must adhere to the highest standards of integrity and conduct.
In summary, other than trade discounts and unsolicited advertising and promotional materials available to the public at large, generally no employee may solicit or accept anything of value from anyone this agency regulates or has business or financial relations, actual or pending, with this agency.
(emphasis supplied) The relevant provisions of section 13F of the policy manual state:
F  Accidents  An employee who is involved in an accident while driving one of the Division's automobiles will immediately:
1. Contact his District Supervisor and the Chief, Bureau of Law Enforcement or appropriate Assistant Chief of Law Enforcement. All accidents, regardless of fault, will be investigated by the District Supervisor or designated subordinate supervisor. In the event the District Supervisor is involved in an accident, it will be investigated by central office.
2. Contact the Highway Patrol, Sheriffs Office or Police Department in whose jurisdiction the accident occurred.
3. Should accident occur after 1700 hours or on weekends or holidays and there are injuries and heavy property damage or non-driveable vehicles, contact the District Supervisor... . (emphasis supplied)
[2] Article II, Section 3 contains an "express limitation upon the exercise by a member of one branch of any powers appertaining to either of the other branches of government." Askew v. Cross Key Waterways, 372 So.2d at 924. It states as follows:

The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein.