PER CURIAM.
The Youngs appeal a final judgment authorizing the Broward County Animal Control Division to enforce the county’s vicious dog ordinance by disposing of their two pit bull dogs. The Youngs contend that, under Broward County Ordinance Chapter 87-21, Section 4-12(G), the dogs must first be declared vicious and thereafter commit the vicious act before the county may impound the dogs. They further claim that the ordinance is unconstitutional, lacks administrative guidelines, and deprives them of property without due process. In our judgment, the trial court correctly interpreted the ordinance as providing for the protection of the public under the county’s police powers. Accordingly, we affirm. The Youngs’ two dogs mauled two people in two separate incidents. As the trial court noted, the Youngs’ interpretation of the ordinance would be unjust and illogical requiring that the dogs attack a third time before the Animal Control Division could act.
We recognize that a statute or ordinance placing discretionary power in an administrative agency must furnish standards for those who administer such power to avoid arbitrary decisions. E.g., Barrow v. Holland, 125 So.2d 749 (Fla.1960); Phillips Petroleum Co. v. Anderson, 74 So.2d 544 (Fla.1954). Here, the ordinance did contain a definition of “vicious dog.” Additionally, a reasonableness standard applies to the exercise of regulations enacted to protect public safety. Department of Bus. Reg. v. Jones, 474 So.2d 359 (Fla. 1st DCA *310 1985), rev. denied, 484 So.2d 8 (Fla.1986). In considering whether a statute violates substantive due process, the basic test is whether the state can justify the infringement of its legislative activity upon personal rights and liberties. The statute must bear a reasonable relationship to the legislative objective and not be arbitrary. Potts v. State, 526 So.2d 104 (Fla. 4th DCA 1987), decision approved by, 526 So.2d 63 (Fla.), cert. denied, 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). We conclude that this ordinance meets those constitutional standards. We note that the ordinance also provides a section for appeal by writ of certiorari to the circuit court for injunc-tive relief.[1] We also find no basis for appellants’ other arguments.
STONE, J. and OWEN, WILLIAM C., Jr., Associate Judge, concur.
HERSEY, C.J., dissents with opinion.

. The Florida Legislature created an act relating to dangerous dogs to take effect October 1, 1990, which includes the following subsection:
(2) If a dog that has not been declared dangerous under this act aggressively attacks and causes severe injury to or death of any human, the owner of the dog, upon conviction, is guilty of a misdemeanor of the second degree ... the dog shall be immediately confiscated by an animal control authority, placed in quarantine, if necessary, for the proper length of time or held for 10 business days, and thereafter destroyed in an expeditious and humane manner. This 10-day time period shall allow the owner to apply to a court of jurisdiction for any remedies that may be available.
See 1990 Fla. Laws 180.