593 So.2d 1183 (1992)
Katherine CHANDLER, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 91-00830.
District Court of Appeal of Florida, First District.
February 14, 1992.
Cindy Huddleston of Florida Legal Services, Inc., and Paulette Ettachild of Legal Services of Greater Miami, Miami, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order requiring appellant to reimburse the Department of Health and Rehabilitative Services (HRS) for overpayment to Aid to Families with Dependent Children (AFDC) benefits.
The facts are not in dispute. Due to an error by HRS, appellant received medicaid and AFDC overpayments in 1988 and 1989. In July 1990, HRS demanded reimbursement of these overpayments. Appellant did not contest the duty to repay and the amount of the overpayment, but asserted that repayment at this time would cause extreme hardship.
HRS takes the position that recovery of overpayments at a rate that maintains a family's income at a level no less than 95 *1184 percent of the AFDC payment standard[1] cannot cause extreme hardship, relying on Florida Administrative Code Rule 10C-1.085(5)(c). Because repayment would not reduce appellant's family income below the 95-percent level, HRS refused to postpone recovery. On February 14, 1991, the hearing officer affirmed HRS's decision and ordered appellant to begin making repayment.
Section 409.335(1), Florida Statutes, provides that HRS must recover overpayments of AFDC benefits as long as extreme hardship does not occur. In attempting to comply with Section 409.335, Florida Statutes, HRS adopted Florida Administrative Code Rule 10C-1.085(5)(c), which provides in pertinent part:
Any person no longer receiving AFDC will be requested to make repayment at the rate of five percent of the person's net monthly income unless repayment at that rate would result in available income to the person's assistance group of less than 95 percent of the AFDC payment standard for the size of the assistance group.
HRS applies Rule 10C-1.085(5)(c) as a conclusive presumption of no undue hardship upon a showing of a certain income. A presumption is conclusive unless the opposing party has the ability to disprove either the predicate fact or the ultimate fact. Tomlinson v. Department of HRS, 558 So.2d 62, 66 (Fla. 2d DCA 1990). Conclusive presumptions violate the due process clause if they cannot be rebutted in a fair manner. Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla. 1987).
In the instant case, appellant presented a financial affidavit indicating a total monthly income of $550, with corresponding expenses of $885.98. It is uncontradicted that appellant has also been ordered to pay $75 per month in child support and $51.50 per month toward reduction of child support arrearages. However, since appellant's monthly income was greater than 95 percent of the AFDC standard, under Rule 10C-1.085(5)(c), as applied by HRS, all other evidence became irrelevant. Thus, the hearing officer held that repayment of $10 per month would not result in extreme hardship.
HRS argues that $10 per month is a minimal amount. However, on these facts, it appears that even that amount may cause undue hardship. The hearing officer should have considered appellant's evidence indicating undue hardship as affecting the decision below.
There is another, independent reason why the decision below must be reversed, however. Rule 10C-1.085(5)(c) purports to create a presumption, but the power to establish a presumption "is reserved solely to the courts and the legislative branch." McDonald v. Department of Professional Regulation, 582 So.2d 660, 663 (Fla. 1st DCA 1991). The presumption applied by appellee in this case is not specifically authorized by statute or the Florida Constitution.
At oral argument, counsel for HRS argued that due to the large numbers of cases required to be processed, the agency needs a "bright-line" rule so as to avoid factual evaluation of each case. While we sympathize with the administrative problems of dealing with large numbers of cases, the matter is best addressed by the Legislature.
Accordingly, the order below is reversed and the cause remanded for further proceedings consistent herewith.
SHIVERS and MINER, JJ., concur.
NOTES
[1] Ninety-five percent of the AFDC payment standard for a family of five is $380 per month. Fla. Admin. Code Rule 10C-1.103. The evidence revealed that appellant had a net monthly income of $550.