GRIFFIN, Judge.
Richard Gregory Gurell (“Gurell”) appeals a post-judgment order requiring him to pay “administrative costs” of $547.91 in a URE-SA proceeding. At issue in this case is whether HRS may promulgate regulations applicable to IV-D[1] enforcement proceedings which require nonprevailing parties who have engaged counsel to represent them to pay “standard” administrative costs several times the costs assessed litigants appearing pro se.
Regulations enacted by the United States Department of Health and Human Services permit Florida to recover either “excess actual or standardized costs” in IV-D proceedings. 45 C.F.R. § 302.33(d)(1). Florida implemented Title IV-D through the enactment of sections 409.2551 through 409.2597, Florida Statutes (1989). These statutes provide that the obligor is responsible for all “administrative costs,” assuming a present ability to pay. § 409.2567, Fla.Stat. (1991). “Administrative costs,” in turn, include “any costs, including attorney’s fees” incurred by the IV-D agency in its effort to administer the IV-D program. § 409.2554(11), Fla.Stat. (1991).
Using its rule-making authority, Florida’s Department of Health and Rehabilitative Services has mandated that all child support enforcement administrative costs in actions initiated after February 15, 1988 are to be assessed at appropriate standardized “functional fee” rates. Fla.Admin.Code 10-C-25.- *229 0035(2)(d)2. The regulations go on to define “functional fees” as:
[C]osts assigned to specific categories of support activities needed to complete child support actions. These fees have been approved by the federal government as a standardized amount which the department must charge and ask the court to require the non-custodial parent to pay for the services provided in the support enforcement process.
Fla.Admin.Code 10-C-25.0035(2)(d)2.b.
The “functional cost recovery schedule” relied upon by HRS shows that for a “Modification-Regular”[2] HRS should recover $63.00 for a case analyst and $57.83 for an attorney, for a total of $120.83. A “Modification-Atty,” i.e. any case where a final judgment of modification is entered and the defendant was represented by counsel — even if defendant stipulates or an agreed order is entered — carries a standard fee of $547.91 ($129.00 for case analyst and $418.91 for attorney). It is this assessment of $547.91 that Gurell challenges.
Gurell and Kim Ellen Starr (“Starr”) were formerly husband and wife. They were divorced in Florida by order dated August 25, 1983, and Gurell was ordered to pay $300 per month in child support for the parties’ minor child. However, by order dated October 3, 1985, the court approved an agreement between Starr and Gurell whereby he was to pay her the lump sum of $5,000 in full satisfaction of his child support obligations. He paid as agreed.
Despite the order eliminating Gurell’s obligation to pay child support, in December 1989, Starr filed a URESA petition in Alabama seeking a child support arrearage of $6,000 and an order for payment of future child support in the amount of $300 per month. An Alabama court apparently determined that the petition stated grounds for the relief requested, and the petition was forwarded to HRS in Florida for prosecution. HRS brought the instant proceeding on Starr’s behalf to collect the arrearage and to enforce the 1983 order to pay child support. Gurell was served with HRS’ petition on April 20, 1990 and a hearing was set. Gurell obtained counsel to represent him in response to the petition.
At the final hearing, the court determined that Gurell could not be held responsible for any arrearages, based on the earlier agreed modification. However, the court refused to enforce the modification as to future support and determined that Gurell would be responsible for payments of $300 per month in child support. Gurell was also ordered to obtain insurance for the child through his employer. Although the hearing was not reported, HRS does not challenge Gurell’s representation that the entire hearing lasted no more than ten minutes.
Subsequent to entry of the final judgment, Gurell was ordered to appear at a hearing on Monday, March 1, 1993, for the assessment of costs. Prior to this hearing, Gurell’s attorney asked HRS for a copy of its regulations relating to costs but, even though several requests were made,[3] HRS failed to respond to this request until Friday, February 26,1993. HRS then supplied a copy of a form letter it used to explain the standardized costs[4] and page seven of a document *230 titled “1992 Functional Cost Recovery Schedule.” [5]
The HRS form letter references five documents used by the department to “create the legal basis and describe the methodology utilized to determine the functional fee” but these documents were not attached to the form letter and are not a part of the record. HRS offered no evidence at the hearing, only its explanation that they were paid more for cases involving attorneys because such cases generally took more time. Counsel also explained that the fees charged are not based on a case by case evaluation but are done on some sort of averaging basis. He argued that in other cases, actual fees may be four or five thousand dollars but are assessed the same functional fee.
The lower court concluded that under the applicable statutes and rules it was obliged to award the standard costs of $547.91. On appeal, Gurell claims this arbitrary multiplication of fees assessed simply because he chose to exercise his right to counsel is unconstitutional. He further asserts that recovery of a fee of $418.91 for the amount and nature of work performed is outrageous, confiscatory and unethical.
The test to be applied in considering whether a statute violates substantive due process is whether the state can justify the infringement of its legislative activity upon personal rights and liberties. The statute must bear a reasonable relationship to the legitimate legislative objective and not be arbitrary. Young v. Broward County, 570 So.2d 309, 310 (Fla. 4th DCA 1990). To ascertain whether the encroachment can be justified, courts have considered the propriety of the state’s purpose; the nature of the party being subjected to state action; the substance of that individual’s right being infringed upon; the nexus between the means chosen by the state and the goal it intended to achieve; whether less restrictive alternatives were available; and whether individuals are ultimately being treated in a fundamentally unfair manner in derogation of their substantive rights. See Department of Law Enforcement v. Real Property, 588 So.2d 957, 960 (Fla.1991).
By this measure, there is nothing in the record to support the fee schedule, and there is much against it. The Florida statute plainly requires costs be assessed on a “case by case” basis using a method for determining costs approved by the federal government. § 409.2554(11), Fla.Stat. (1991). Use of a standard fee schedule appears to be justified by two state interests — the recoupment of actual expenditures in Title IV-D proceedings, and administrative efficiency. These are measured against the individual’s right to pay no more than reasonable costs actually incurred by HRS and the right to be represented by an attorney in the courts of this state without risk of being unduly penalized for doing so. It appears the relevant statutory provisions, eliminating the need for corroborating expert testimony to prove up fees and allowing use of “standard” fees, are designed to do no more than establish reasonable rates for reasonable time increments necessary to do the various tasks normally associated with such proceedings. There are obviously far more logical and accurate ways standard fees can be fixed for the handling of a modification proceeding than the lawyer/no lawyer dichotomy being used by HRS.[6] A whole range of task or unit billing techniques come immediately to mind.
We also observe that HRS’ fee schedule affords no right to rebut the presumption that HRS’ costs in proceedings associated with a respondent represented by a counsel are many times the costs involved in cases not involving an attorney. Such conclusive presumptions are disfavored in Florida. See, e.g., Chandler v. Department of Health and Rehab. Services, 593 So.2d 1183 (Fla. 1st DCA 1992); B.R. v. Department of Health and Rehab. Services, 558 So.2d 1027 (Fla. 2d DCA 1989), review denied, 567 So.2d 434 (Fla.1990). Although the involvement of counsel can protract a modification proceeding, having a lay litigant represented by counsel often saves time. Indeed, this appears to be such a case.
*231 We are unable to determine on this record whether the challenged fee schedule complies with federal or state law,[7] much less whether HRS’ cost assessments schedule violates Gu-rell’s constitutional rights. In fact, on this record, it is impossible to tell whether this is a fee schedule actually adopted by HRS according to law. If the attorney/no attorney methodology turns out to be consistent with controlling legislation, has been approved by the federal government and has been adopted appropriately by HRS as required by law, we will confront the constitutional issue.
We accordingly remand this matter to conduct a hearing on the issues implicated by Gurell’s fee challenge. If any legal or factual basis exists to support its standardized fee schedule, this will be HRS’ opportunity to offer it.
REMANDED for an evidentiary hearing.
HARRIS, C.J., concurs.
DAUKSCH, J., dissents, with opinion.

. Title IV-D of the Social Security Act, 42 U.S.C. § 651 et seq. See § 409.2557, Fla.Stat. (1993).

. DESCRIPTION: All activities which result in a modification at the request of a CSE client or CSE and cases where the modification petition filed by the defendant must be defended. Includes all the cases which result in a final judgment of modification being entered. This does not include HRS STIR cases, and/or ATTY cases. This may include a stipulation or agreed order prepared by the contract attorney, default cases, contested cases, uncontested cases, or other cases heard on block-time dockets or regular trial dockets.

. Under federal law, states which elect to recover standardized costs must comply with subsection (d)(2) of 45 C.F.R. 302.33 which provides:
(2) A State that recovers standardized costs under paragraph (d)(1) of this section shall develop a written methodology to determine standardized costs which are as close to actual costs as is possible. This methodology must be made available to any individual upon request.
45 C.F.R. 302.33(d)(2). Accord § 409.2554(11), Fla.Stat. (1991).

.To further confuse matters, the fee schedule, when faxed to Gurell’s counsel, became folded so that the fee appeared as $54.91, not $547.91. Gurell’s counsel intended to agree to the assessment until, in the course of the hearing, he was made aware of the amount actually being sought.

. The record shows nothing about the time or manner of the adoption of this schedule.

. Interestingly, the fee schedule appears to be inapplicable to attorneys who appear pro se.

. Certainly, HRS has failed to meet its express obligation to make the methodology available to the judge or any party requesting it. § 409.-2554(11), Fla.Stat. (1991).